IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY PERKINS,** | |
| **Petitioner,** | |
| v. | Case No. 3:22-CV-1883-NJR |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255 by Petitioner Larry Perkins. (Doc. 5). On February 23, 2021, the undersigned sentenced Perkins to 57 months of imprisonment after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

In ground one of his motion, Perkins appears to argue that the laws passed by Congress only apply to the District of Columbia; therefore, the United States—and this district court—lacked jurisdiction over his criminal case. In ground two, Perkins argues that his counsel was ineffective, in violation of his Sixth Amendment rights, for failing to argue his actual innocence—when the gun belonged to his wife.

The matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255 is subject to a one-year time limitation that generally runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Edwards v. United States*, No. 3:19-CV-293-NJR, 2020 WL 1975077, at *3 (S.D. Ill. Apr. 24, 2020), *aff'd*, No. 20-1771, 2022 WL 4104032 (7th Cir. Sept. 8, 2022) (quoting *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam)). The time to file a direct appeal in a criminal case expires after 14 days from the entry of the judgment that defendant would be appealing. *See* FED. R. APP. P. 4(b)(1)(A)(i).

Here, because Perkins did not file a direct appeal, his conviction became final 14 days after he was sentenced, and judgment was entered on February 23, 2021. *See United States v. Perkins*, Case No. 3:20-cr-30071-NJR, Doc. 33. That is, his judgment became final on March 9, 2021. He then had one year from that date to file his motion under § 2255. *See* 28 U.S.C. § 2255(f)(1). Because Perkins did not file this action until August 16, 2022, his ineffective assistance of counsel claim is untimely.

Perkins also asserts, however, that this Court lacked jurisdiction over his criminal case, resulting in a void judgment. Because a jurisdictional challenge can be raised at any point during the proceedings, he argues, there is no time limit to raising his claim. Even if that is true, Perkins clearly is not entitled to relief on this claim.

The Seventh Circuit has held that "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). "That's the beginning and the end of the 'jurisdictional' inquiry." *Id.*; *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."); *United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (a district court has jurisdiction over "any defendant brought before it on a federal indictment charging a violation of federal law").

Perkins's argument that unless cessation by the State of Illinois has occurred, the United States lacks jurisdiction, is an argument commonly brought by petitioners

claiming to be sovereign citizens. *See Bey v. United States*, No. 1:16-CV-01347-JBM, 2016 WL 5723655, at *2 (C.D. Ill. Sept. 29, 2016). The Seventh Circuit has instructed district courts to "summarily reject" these arguments, as it has been clearly established that the laws of the United States apply to all persons within its borders. *See id.* (citing *Phillips*, 326 F. App'x at 400). That includes Perkins. The laws of the United States apply to Perkins, and this Court had jurisdiction when it imposed his judgment and sentence.

Because it plainly appears that Perkins has no chance of success on his jurisdictional claim, and because his ineffective assistance of counsel claim was untimely filed, the Court finds that dismissal is appropriate. Therefore, the Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255 by Petitioner Larry Perkins (Doc. 5) is **DISMISSED**.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." "[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curium). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district

court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke,* 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Perkins has not stated any grounds for relief under § 2255, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Perkins has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

If Perkins wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Perkins chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Perkins files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn,* 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.,* 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Perkins will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned has already declined to issue a certificate of appealability. Thus, Perkins must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C.

§ 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Perkins cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Perkins plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Perkins wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock

will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Perkins showing excusable neglect or good cause.

**IT IS SO ORDERED.**

DATED:   December 2, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**