IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY PERKINS,

	Petitioner,

v.                                                                                Case No. 3:22-CV-1883-NJR

UNITED STATES OF AMERICA,

	Respondent.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

	Pending before the Court is a Motion for Reconsideration filed by Petitioner Larry Perkins. (Doc. 8). Perkins asks the Court to reconsider the dismissal of his motion under 28 U.S.C. § 2255 on preliminary review under Rule 4 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 6). The Court dismissed Perkins's claim that his counsel was ineffective because it was untimely under § 2255(f)(1), and it also rejected Perkins's claim that the Court lacked jurisdiction over his criminal case, resulting in a void judgment that can be challenged at any time. (*Id.*).

	Rule 59(e) of the Federal Rules of Civil Procedure permits the Court to alter or amend a judgment where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard,

misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Relief under this rule is an extraordinary remedy "reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Perkins asserts the Court committed a manifest error of law because the one-year statute of limitations in § 2255(f) is unconstitutional. Specifically, Perkins claims § 2255(f) conflicts with his First Amendment right to petition the government for a redress of grievances. Since the nineteenth century, however, the U.S. Supreme Court has held that "statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect." *Terry v. Anderson*, 95 U.S. 628, 632–33, 24 L. Ed. 365 (1877).

The Seventh Circuit has not directly addressed the constitutionality of § 2255(f), but it has, on numerous occasions, upheld the application of the statute of limitations. *See e.g.*, *Lund v. United States*, 913 F.3d 665, 669 (7th Cir. 2019) (upholding the Congressionally-imposed, one-year limit for petitioners to bring § 2255 motions); *Perrone v. United States*, 889 F.3d 898, 909 (7th Cir. 2018) ("Because Perrone filed his petition after § 2255(f)'s statute of limitations had run, he is barred from raising that claim now."). Absent controlling precedent holding that § 2255(f) is unconstitutional, Perkins has failed to demonstrate that this Court committed a manifest error of law when it applied the one-year statute of limitations to his motion.

The remainder of Perkins's Rule 59(e) motion consists of the same arguments he made in his original § 2255; therefore, the Court will not consider them. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (Rule 59(e) motions cannot to be used to "rehash" previously rejected arguments).

Because Perkins has not demonstrated a manifest error of law or fact allowing the Court to alter or amend its judgment under Rule 59(e), his Motion to Reconsider (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 6, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**